THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY LOU COPPINGER and MARK COPPINGER, individually and the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,[1]<br><br>Defendant. | CASE NO. C17-1756-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for partial dismissal (Dkt. No. 6). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

The following facts are based on the complaint and the documents referenced therein. Plaintiff Mary Coppinger was injured in 2010 when her vehicle was struck from behind by Daniel Klein. (Dkt. No. 1-1 at 5–6.) She now suffers from a variety of neck and back ailments. (*Id.* at 6.) Both she and Mr. Klein were insured through Defendant Allstate Property and

---

[1] Allstate Insurance Company is the named Defendant. (Dkt. No. 1-1 at 2.) The company's legal name is Allstate Property and Casualty Insurance Company. (Dkt. No. 6 at 1 n. 1.)

Casualty Insurance Company ("Allstate"). (*Id*. at 6.) At the time of the accident, Mr. Klein's policy limit was $50,000, and Ms. Coppinger had $100,000 in uninsured/underinsured motorist ("UIM") coverage and $10,000 in personal injury protection ("PIP"). (*Id*. at 5–6.) Anticipating her damages would exceed $50,000, Ms. Coppinger demanded full payment of Mr. Klein's policy limit in July 2012 and filed an uninsured/underinsured motorist ("UIM") claim with Allstate in January 2013. (*Id*. at 6–7.)

Allstate concluded in January 2013 that Ms. Coppinger's damages, primarily medical bills, would not exceed $50,000 and denied Ms. Coppinger's UIM claim, indicating that it "did not see any value into the UIM coverage." (*Id*. at 7.) Ms. Coppinger pursued the matter. Through counsel, she again made demands for UIM coverage in May 2013, June 2013, and August 2013, all of which Allstate denied. (*Id*. at 8–10.) Ms. Coppinger continued to pursue the matter through 2017. (*Id.* at 9–13.) Allstate reconsidered its valuation of the UIM claim in 2016 and 2017, based on information Ms. Coppinger provided, but it never changed its determination. (*Id*.) It maintained that Ms. Coppinger's permissible damages would not exceed Mr. Klein's policy limit of $50,000 and, on this basis, her UIM claim had no value. (*Id*.)

In October 2017, following a September 2017 denial of UIM coverage, Ms. Coppinger filed suit against Allstate in Whatcom County Superior Court. (*Id*. at 1.) She asserted statutory claims for violations of Washington's Consumer Protection Act ("CPA") and the Insurance Fair Conduct Act ("IFCA"), and common law claims for breach of contract, bad faith, and unfair practices. (*Id*. 13–17.) Allstate removed the matter to this Court. (Dkt. No. 1.)

Allstate now moves for dismissal of the CPA, IFCA, and common law bad faith claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 6.) [2] It alleges the CPA claim

---

[2] Plaintiffs suggest the Court convert Defendant's partial motion to dismiss to one seeking summary judgment because Defendant includes a declaration containing exhibits with its motion. (Dkt. No. 8 at 4–6). But the incorporation by reference doctrine applies to such documents. *See Kerrigan v. Qualstar Credit Union*, C16-1528-JCC, slip op. at *1 (W.D. Wash. Dec. 6, 2016). Further, even if the doctrine did not apply, the Court does not find these exhibits, or the exhibits Plaintiffs include with their response in opposition, necessary to reach a decision

fails as a matter of law because the complaint does not assert injury to business or property, a required element of a CPA claim. (*Id.* at 10.) It further alleges the CPA, IFCA and common law bad faith claims are untimely, maintaining that the period for bringing such actions commenced in early 2013, when Allstate issued what the complaint describes as "blanket denials"—more than four years before the complaint was filed. (*Id.* at 5–6.)

## II. DISCUSSION

### A. Legal Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). A court may grant dismissal based on the statute of limitations "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citation and quotation marks omitted). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

//

---

on the matter. (*See* Dkt. Nos. 7-1, 9-1–9-10.) Therefore, the Court will not convert Defendant's motion to one seeking summary judgment.

**B. Cognizable Injury for CPA Claim**

To bring a CPA claim, a plaintiff must assert facts establishing, among other things, "injury to business or property." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). Damages arising from personal injury do not qualify. *See Ambach v. French*, 216 P.3d 405, 409 (Wash. 2009) (upholding summary judgment against plaintiff bringing a CPA claim based on medical expenses); *Ledcor Industries (USA), Inc. v. Mut. of Enumclaw Ins. Co.*, 206 P.3d 1255, 1262 (Wash. App. 2009) (similar result for emotional distress). Nor can a plaintiff base a CPA claim on his or her insurer's failure to pay medical bills because "those injuries are derivative of her personal injuries." *Kovarik v. State Farm Mut. Automobile Ins. Co.*, C15-1058-TSZ, slip op. at *3 (W.D. Wash. Aug. 31, 2016). To state a cognizable CPA claim based on an insurer's non-payment of medical expenses, the complaint must assert that the insured "received an insurance policy not conforming with [her] expectations." *Sadler v. State Farm Mut. Auto. Ins. Co.*, C07-0995-TSZ, slip op. at *9 (W.D. Wash. Sept. 22, 2008), *aff'd*, 351 Fed. Appx. 234 (9th Cir. 2009). Plaintiffs' complaint makes no such allegation. (*See generally* Dkt. No. 1-1.) Furthermore, Plaintiffs' response does not meaningfully address this issue, other than to ask for leave to amend. (Dkt. No. 8 at 9.) On this basis, dismissal is warranted.

Defendant's motion to dismiss Plaintiffs' CPA claim is GRANTED without prejudice and with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

**C. Statute of Limitations**

The statute of limitations for an IFCA claim is three years and begins to run when the insurer first "unreasonably denies coverage." *Ward v. Stonebridge Life Ins. Co.*, C13-5092-RBL, slip op. at *5 (W.D. Wash. June 21, 2013) (citing Wash. Rev. Code § 4.16.080(2)), *aff'd*, 608 Fed. Appx. 487 (9th Cir. 2015). The statute of limitations for a common law bad faith claim, like

most claims, begins to run when the party first has the right to apply to a court for relief. *Haslund v. City of Seattle*, 547 P.2d 1221, 1229 (Wash. 1976). In the case of an insurance bad faith claim, this is when the claim is "initially denied." *See Lenk v. Life Ins. Co. of N.A.*, C10-5018-LRS, slip op. at *2 (E.D. Wash. Dec. 13, 2010); Wash. Rev. Code § 4.16.080(2). Plaintiffs do not meaningfully dispute Allstate's assertion that, according to the complaint, it first denied coverage in early 2013 and that this denial was more than four years before Plaintiffs filed suit. (Dkt. Nos. 1-1 at 7–10, 6 at 7–8); (*see generally* Dkt. No. 8 at 7–9.) Instead, Plaintiffs assert the statute of limitations should be equitably tolled because "Allstate requested additional information and records, and led the Plaintiff to believe it was re-evaluating the claim and performing a records review from mid-2016 until September 2017." (Dkt. No. 8 at 8.) Only in rare cases will the doctrine of equitable tolling allow a plaintiff to avoid the statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The doctrine "is appropriate when (a) the defendant has exhibited bad faith, deception, or false assurances; (b) the plaintiff has acted diligently; and (c) justice so requires." *Chi v. Allstate Ins. Co.,* C08-0855-MJP, slip op. at *2 (W.D. Wash. Aug. 6, 2009) (citing *Millay v. Cam*, 955 P.2d 791, 797 (1998)).

Plaintiffs' complaint does not contain sufficient facts to support any of the elements required for equitable tolling. Further, even if it did, Allstate first reconsidered its denial in July 2016, more than three years after Allstate issued "blanket denials" in January, May, and July 2013. (Dkt. No. 1-1 at 7–11.) Therefore, equitable tolling cannot save Plaintiffs' IFCA and common law bad faith claims, regardless of what additional facts Plaintiffs could plead.[3] In the alternative, Plaintiffs suggest that Washington's continuing tort violation should apply, but do not meaningfully support the position with facts and legal argument. (*See* Dkt. No. 8 at 9.)

---

[3] If Plaintiffs choose to amend their complaint to put forth a cognizable CPA claim, *see supra* Section II.B., they must also put forth sufficient facts to support equitable tolling of the four-year statute of limitations for CPA claims to avoid dismissal. *See Shepard v. Holmes*, 345 P.3d 786, 790 (Wash. App. 2014) (the four year statute of limitations on CPA claims begins "when the party has the right to apply to a court for relief."); RCW 19.86.120.

Therefore, the Court will not consider application of Washington's continuing tort violation.

Defendant's motion to dismiss Plaintiffs' IFCA and common law bad faith claims is GRANTED. Because the Court can conceive of no facts that could be plead to cure the deficiency resulting from Plaintiffs' untimely filing of its IFCA and common law bad faith claims, the dismissal is with prejudice. *See Lopez*, 203 F.3d at 1127.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' CPA, IFCA, and bad faith claims (Dkt. No. 6) is GRANTED. The Court GRANTS Plaintiffs leave to amend their complaint, but only as necessary to cure the deficiencies in its CPA claim, as described in this order. The amended complaint must be filed within twenty-one (21) days of this order.

DATED this 3rd day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE