THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY LOU COPPINGER, *et al.*,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

CASE NO. C17-1756-JCC

ORDER

This matter comes before the Court on Defendant's renewed motion for partial dismissal (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

Plaintiff Mary Lou Coppinger held an Underinsured Motorist ("UIM") policy through Defendant Allstate at the time she was involved in a car accident. (Dkt. No. 1-1 at 2.) Following the accident, Defendant denied payment of her UIM coverage on the basis that the third-party's liability coverage was adequate to cover her medical bills. Plaintiffs asserted statutory claims for violations of the Insurance Fair Conduct Act ("IFCA") and Washington's Consumer Protection Act ("CPA"), and common law claims for breach of contract, bad faith, and unfair practices. (Dkt. No. 1-1 at 14–17.) The Court dismissed Plaintiffs' IFCA and bad faith claims with

prejudice and her CPA claim without prejudice and with leave to amend. (Dkt. No. 11 at 6.) Plaintiffs filed an amended complaint, and Defendant again moves to dismiss the CPA claim, alleging that the amended complaint fails to cure the original complaint's factual deficiencies. (Dkt. Nos. 12, 14.) The Court refers to its prior order for a recitation of other relevant facts in this case. (*See* Dkt. No. 11.)

## II. DISCUSSION

### A. Legal Standard for Motion to Dismiss

A defendant may move to dismiss when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss under Rule 12(b)(6), the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal quotations omitted). Although the Court must accept as true a complaint's well-pleaded facts, conclusory "allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotations omitted).

### B. Cognizable Injury for CPA Claim

As the Court previously stated in dismissing Plaintiffs' original complaint, to bring a CPA claim, a plaintiff must assert "injury to business or property." (Dkt. No. 11 at 4) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986)). Damages resulting from a personal injury do not form a basis for relief under the CPA. *See Ambach v. French*, 216 P.3d 405, 409 (Wash. 2009) (upholding summary judgment against a

plaintiff bringing a CPA claim based on medical expenses); *Ledcor Industries (USA), Inc. v. Mut. of Enumclaw Ins. Co.*, 206 P.3d 1255, 1262 (Wash. App. 2009) (similar result for emotional distress). Furthermore, non-business and non-property damages that derive indirectly from personal injury do not qualify for relief under the CPA. *Sadler v. State Farm Mut. Auto. Ins. Co.*, C07-0995-TSZ, slip op. at 9 (W.D. Wash. Sept. 22, 2016), *aff'd*, 351 F. App'x 234 (9th Cir. 2009). Plaintiffs' amended complaint must therefore allege an injury to business or property to survive Defendant's motion to dismiss.

Plaintiffs added five allegations to their amended complaint to cure the original complaint's factual deficiencies. (*See* Dkt. No. 12 at ¶¶ 3.53-54, 5.1, 5.6–7.) The following is an illustrative example: "Defendant Allstate's violations of the Washington Administrative Code and other unreasonable actions, as alleged herein, harmed plaintiff Coppinger and constitute per se violations of RCW 19.86." (Dkt. No. 12 at ¶ 5.6.) This is a conclusory statement that fails to present the Court with a sufficient factual basis to conclude that relief may be warranted under the CPA. At most, Plaintiffs' allegations present the type of bare legal conclusions rejected by the Supreme Court. *See Iqbal*, 556 U.S. at 679 (2009).

Plaintiffs point the Court to references to money damages in their amended complaint. Notably a "loss of use of money" and a "loss of benefits" (Dkt. No. 12 at 14, 17), alleging that the Court can reasonably infer this resulted in loss of earned interest and investment opportunities, potentially recoverable under the CPA. (*See generally* Dkt. No. 16 at 6) (citing *Dees v. Allstate Ins.* Co., 933 F. Supp. 2d 1299, 1311 (W.D. Wash. 2013)). But Plaintiff's original complaint contained the same factual allegations, which the Court found insufficient to avoid dismissal. (Dkt. No. 11 at 4.) Re-alleging these damages cannot cure Plaintiffs' factual deficiencies. *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (applying the "law of the case" doctrine).

As the Court previously held, to state a cognizable CPA claim based on an insurer's non-payment of medical expenses, the complaint must assert that the insured "received an insurance

policy not conforming with [her] expectations." (Dkt. No. 11 at 4); *Sadler*, slip op. at 9. The Court granted Plaintiffs narrow leave to address this issue in their amended complaint. (Dkt. No. 11 at 6.) Plaintiffs have failed to do so.

### C. Impact of Statute of Limitations

Defendant reasserts that Plaintiffs' CPA claim is time-barred under the CPA's four-year statute of limitations. (Dkt. No. 14 at 3); *see O'Neill v. Farmers Ins. Co.*, 125 P.3d 134, 140 (Wash. Ct. App. 2004). A CPA cause of action "accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief." *Shepard v. Holmes*, 345 P.3d 786, 790 (Wash. 2014) (internal quotations omitted). The Court previously granted Plaintiffs leave to amend, with narrow instructions to address the requirements to apply the doctrine of equitable tolling. (Dkt. No. 11 at 5.) Plaintiffs' amended complaint on this issue suffers from the same infirmity as the issue of a cognizable injury under the CPA. Plaintiffs amended complaint contains no allegations to support equitable tolling. (*See generally* Dkt. No. 12.)

### D. Leave to Amend

Although the Court is instructed to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), it "may in its discretion deny leave to amend due to . . . repeated failure to cure deficiencies by amendments previously allowed . . . and futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). The Court will provide Plaintiffs an additional opportunity to cure the complaint's factual deficiencies, as described above, but absent a compelling reason otherwise, this will be Plaintiffs' last opportunity to assert their CPA claim.

## III. CONCLUSION

For the foregoing reasons, Defendant's renewed motion for partial dismissal (Dkt. No. 14) is GRANTED without prejudice. The Court GRANTS Plaintiffs leave to amend their complaint, but only as necessary to cure the deficiencies in its CPA claim, as described in this

order and the Court's previous order (Dkt. No. 11). The Amended complaint must be filed within twenty-one (21) days of this order.

DATED this 1st day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE