THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY LOU COPPINGER, *et al.*,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

CASE NO. C17-1756-JCC

ORDER

This matter comes before the Court on Defendant's second renewed motion for partial dismissal (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

The Court has twice dismissed Plaintiffs' Washington Consumer Protection Act ("CPA") claim without prejudice and with leave to amend. (Dkt. Nos. 11 at 6, 18 at 4–5.) In both instances the Court indicated that for the claim to survive Defendant's motion to dismiss, Plaintiffs must plead sufficient facts to support equitable tolling of the CPA's four year statute of limitations. (Dkt. Nos. 11 at 5 n.3, 18 at 4); *see* Wash. Rev. Code. § 19.86.120. Equitable tolling is appropriate when: (1) a defendant has actively misled a plaintiff with respect to the facts comprising the plaintiff's cause of action, (2) a plaintiff has been prevented from asserting his or her rights in some extraordinary way, or (3) a plaintiff has timely asserted his or her rights in the wrong forum. *See United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998); *Chi v. Allstate Ins.*

*Co.,* No. C08-0855-MJP, slip op. at 2 (W.D. Wash. Aug. 6, 2009) (citing *Millay v. Cam*, 955 P.2d 791, 797 (1998)) (the doctrine applies where a plaintiff can demonstrate that a "defendant has exhibited bad faith, deception, or false assurances").

Plaintiffs argue their Second Amended Complaint ("SAC") sufficiently alleges unfair and/or deceptive acts to survive Defendant's motion to dismiss. (Dkt. No. 22 at 7–8.) But the allegations contained in the SAC supporting equitable tolling are conclusory statements unsupported by facts. *See Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). According to the SAC, Defendant initially denied Mrs. Coppinger's claim on her $100,000 uninsured/underinsured motorist ("UIM") policy on January 28, 2013. (Dkt. No. 20 at 6.) Defendant then made repeated subsequent "blanket denials." (*Id*. at 6–11.) The SAC describes only a single act, other than the denials, that occurred within the relevant four-year period. On July 19, 2016, Defendant "again refused to accept [Mrs. Coppinger's demand for payment on her UIM policy], but specifically requested [she] provide [Defendant] with a medical authorization in order to obtain her pre-accident medical records and requested [Mrs. Coppinger] attend a medical examination." (*Id.* at 10.) This falls far short of the kind of active deceit needed to support application of equitable tolling. *See Cornejo v. Cannel Lending Co.*, No. C03-3181-JCC, slip op. at 3 (W.D. Wash. Mar 11, 2015).

For the foregoing reasons, Defendant's second renewed motion for partial dismissal (Dkt. No. 21) is GRANTED. Plaintiff's CPA claim is dismissed with prejudice.[1]

DATED this 1st day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court previously indicated that this would be Plaintiff's last opportunity to assert their CPA claim. (Dkt. No. 18 at 4.)