THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY LOU COPPINGER, *et al.*, | CASE NO. C17-1756-JCC |
| Plaintiffs, | ORDER |
| v. | |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to enforce the Court's February 26, 2019 order (Dkt. No. 45). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I. BACKGROUND

The Court has previously set forth the facts of this case and will not repeat them here. (Dkt. Nos. 11, 18, 25, 43.) After the Court issued an order granting in part and denying in part Defendant's motion to compel discovery (Dkt. No. 43), Defendant brings the present motion arguing that Plaintiff has failed to comply with portions of that order. (Dkt. No. 45.)

//

//

//

## II. DISCUSSION

### A. Discovery Disputes

#### 1. Interrogatories 6 and 7

Interrogatories 6 and 7 ask Plaintiff to identify her alleged damages and the factual support for those damages. (Dkt. No. 46-1 at 13–15.) In response, it appears that Plaintiff has produced a list of medical costs and the offices in which she incurred those costs, but not what services the costs paid for. (Dkt. No. 48 at 12–14.) The services that the alleged costs paid for is relevant to Defendant's defense because Defendant must know whether Plaintiff's claimed medical costs covered services that were conceivably caused by the accident. Therefore, Defendant must be made aware of the services and prescriptions that those costs covered. However, the Court is aware that Defendant has deposed, and still will depose, many of Plaintiff's previous and current medical care providers. (*See generally* Dkt. Nos. 45, 47, 49.) If the information sought is available through deposition of Plaintiff's medical providers, deposition testimony will suffice to fill that gap in knowledge. As long as Defendant has some way of understanding what Plaintiff's claimed medical costs covered, that is sufficient to comply with the Court's prior order. Therefore, the Court GRANTS Defendant's motion as to Interrogatories 6 and 7, inasmuch as, if deposition testimony does not fill that gap in knowledge, Plaintiff is ORDERED to do so by supplementing these interrogatories.

#### 2. Interrogatory 15

Interrogatory 15 asks Plaintiff to provide an itemized list of the medical expenses that she contends were proximately caused by the accident and how they were paid. (Dkt. No. 46-1 at 17.) Defendant argues that Plaintiff still has not complied because she has not identified which medical expenses were paid for with her $50,000 recovery from the at-fault driver. (Dkt. No. 45 at 7.) If the list Plaintiff provided is the extent of her medical damages, Defendant can calculate whether those damages exceed the payout Plaintiff received. Therefore, Defendant's motion as to Interrogatory 15 is DENIED.

### 3. Interrogatory 18

Interrogatory 18 asks Plaintiff to identify and describe all communications between Plaintiff and any third party about the accident, this lawsuit, or any alleged injuries caused by the accident. Defendant argues that Plaintiff has flatly ignored the Court's order because she has not produced anything further and she has not indicated what search terms she used. The Court did not order Plaintiff to tell Defendant what search terms she used, but ordered her to use them in supplementing her response. Plaintiff certifies that she has produced everything responsive to this interrogatory. Therefore, the Court DENIES Defendant's motion as to Interrogatory 18.

### 4. Interrogatory 20

Interrogatory 20 asks Plaintiff about her pre-accident chiropractic care. (Dkt. No. 50-1 at 3.) For the first time in its reply brief, Defendant argues that Plaintiff has not fully responded to this interrogatory because: (1) her chiropractor's memory is vague and imprecise; her chiropractor's recordkeeping is questionable; and (3) Plaintiff has not otherwise filled this gap in knowledge. (Dkt. No. 49 at 6–7.) Defendant has made no showing that her chiropractor's memory and recordkeeping was insufficient to fill this gap in Defendant's knowledge. Defendant's motion is DENIED as to Interrogatory 20.

### 5. Requests for Production 20–23

Requests for Production 20–23 ask Plaintiff to produce various photos and videos from her social media. (Dkt. No. 46-1 at 21–23.) The crux of Defendant's argument is that, although Plaintiff has produced a lot of information from her Facebook timeline, many of the photos are not readable or viewable. (Dkt. No. 45 at 9–10.) Plaintiff argues that anything responsive to these requests for production has been produced. (Dkt. No. 47 at 9–11.) If Plaintiff has produced photos or videos that are not viewable or readable *and that would be responsive to these requests for production if they were viewable or readable*, Plaintiff is ORDERED to produce viewable

and readable versions of those photos and videos.[1] If Plaintiff takes no further action with regard to these requests for production, then the Court presumes that everything relevant to these requests for production have been produced in a readable and viewable format.

### B. Discovery Cutoff Extension

Both parties agree that the discovery cutoff deadline should be extended to June 19, 2019. (Dkt. Nos. 45 at 10–12, 47 at 2.) Defendant argues that the expert disclosure deadline should be extended to July 18, 2019 and Plaintiff does not dispute this request. (Dkt. Nos. 45 at 10–12, 47.) Finding good cause, the Court GRANTS the extensions. *See* Fed. R. Civ. P. 16(b)(4). Discovery shall be completed by June 19, 2019. Expert Disclosures shall be completed by July 18, 2019.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to enforce the Court's February 26, 2019 order (Dkt. No. 45) is GRANTED in part and DENIED in part. Discovery shall be completed by June 19, 2019. Expert disclosures shall be completed by July 18, 2019.

DATED this 24th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is not required to produce viewable or readable versions of all photos or videos she previously produced if those photos and videos are not responsive to these requests for production.